[Civ. No. 9538. Second Appellate District, Division Two.—April 26, 1935.]

MARY C. AUSTIN, Respondent, v. HARRY E. JONES, INC. (a Corporation), et al., Defendants; C. E. BOAG et al., Appellants.

J. R. Moulthrop and William Kay Crawford for Appellants.

Edward C. Purpus for Respondent.

FRICKE, J., *pro tem.*—Action for accounting. The complaint alleges that on or about February 1, 1928, plaintiff and M. P. Austin made an oral agreement with defendants and each of them for the construction and erection "upon a cost-plus basis" of a bungalow on each of two described lots owned by plaintiff. The consideration pleaded is "the payment of the bills, obligations by plaintiff herein", and it is also alleged that defendants agreed to incur and pay all bills for labor and materials, and that plaintiff would reimburse defendants for the actual cost of all labor and materials. The complaint then alleges that defendants falsely and fraudulently misrepresented to plaintiff "the costs, financing and of labor and materials" used and expended in the erection of said buildings, and "have charged" plaintiff with approximately $2,000 in excess of the actual costs of labor and material used; that demand was made upon defendants for a true and correct accounting of "the

costs, financing and of labor and materials'' used, and for the production of vouchers showing the actual cost and disbursements by defendants, and that defendants failed to comply with this demand. The final allegation is that ''by reason of the actions of the defendants herein, said defendants have wrongfully, unlawfully and wilfully converted to their own use the sum of approximately $2000.00''. This last allegation obviously has no connection with the cause of action sought to be pleaded, as it nowhere appears in the complaint that defendants ever came into possession of $2,000 or any other sum of money belonging to plaintiff which they could have converted. The allegation as to the demand for an accounting fails to state by whom such demand was made.

■ Furthermore, we find that the contract was made with the defendants by ''plaintiff herein and M. P. Austin'', and the complaint is wholly barren of any allegation which would entitle the plaintiff alone, as an assignee or otherwise, to maintain the action against the defendants. ■ We should also mention, without need for further comment, the omission from the complaint of any allegation that any building has been erected or that plaintiff performed any of her portion of the contract; that any money was paid to defendants; that the ''financing'' of the work was part of the subject-matter of the contract or that defendants ever came into the possession of any money or property for which to account, and that there is no allegation as to the meaning or effect of the allegation as to a ''cost-plus basis''.

At the time of trial and before the taking of any. testimony, defendants moved to dismiss the complaint on the ground that it failed to state a cause of action for accounting. While this objection was somewhat inartificial in its phrasing, it clearly disclosed the contention that the complaint was fatally defective; and in view of the fact that this contention is well founded, the court erred in overruling the motion and proceeding to a trial on the merits.

■ The trial court gave judgment in the amount of $1962.32 with interest. The fact that $1326.66 of this amount is based upon a claim for work, labor and services performed by M. P. Austin upon four buildings located on

Camellia Avenue and belonging to defendant C. E. Boag, which buildings and claim are not referred to in the complaint, is a further reason why the judgment cannot be sustained.

The judgment is reversed.

Crail, J., and Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 22, 1935.